IRENEE AUDIBERT *vs.* J. T. MICHAUD.

Aroostook.    Opinion October 6, 1920.

*Leading question.    Marriage records of towns.    Identification of such and by whom*
*may be made.    Rebuttal evidence otherwise inadmissible may be admissible as*
*effecting the credibility of a witness.    Verdict not excessive.    Punitive*
*as well as actual damages may be awarded by the jury.*

Action on the case for alienation of the affections of the plaintiff's wife, with
verdict for the plaintiff for $7,000, and before the Law Court on exceptions and
motion by defendant.

*Held:*

1.   The question "did you at any time see the children, after you had seen Mr.
Michaud go to the house, try to get in," was properly admitted.    The objection
that it was so leading as to demand exclusion cannot be sustained.

2.   The marriage records of the town of Fort Kent were properly admitted,
although produced, not by the town clerk but by his wife who was acting as
deputy during his absence from the State.    The identification of town records
need not necessarily be made by an officer of the town.    It is sufficient if the
identity be proved by any competent witness who knows the fact.

3.   The rebuttal evidence of conversation with plaintiff's wife would seem to be
admissible as affecting her credibility.    In any event if error, it was harmless.

4.   In view of the nature of the action, and the facts brought out in evidence, the
verdict should not be regarded as so grossly excessive as to warrant a new trial.

It was within the province of the jury to award punitive as well as actual damages
and to consider the wealth of the defendant in so doing, and their award must
stand.

This is an action on the case for the alienation of the affections of
the plaintiff's wife.    It was tried to a jury and a verdict of $7000 was
returned.    The defendant filed a general motion for a new trial, and
took three exceptions, the first to the admission of a question alleged
to be leading; the second relating to the admission of the marriage
records of the town of Fort Kent, containing the record of the
marriage of the plaintiff and his wife, being based on the fact that
the records were produced in court not by the town clerk but by
the deputy town clerk, and the third being an objection to the

admission of testimony in rebuttal of a witness made, not in the presence of the defendant, for the purpose of discrediting a witness. Motion and exceptions overruled.

Case is stated in the opinion.

*Arthur J. Nadeau, and Powers & Guild,* for plaintiff.

*A. S. Crawford, and Shaw & Thornton,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. This is an action on the case for the alienation of the affections of the plaintiff's wife. The declaration alleges criminal conversation. The case is before the Law Court on defendant's exceptions and motion. The exceptions are three in number.

1. Exception one was taken to the admission of the following question, which was put to a witness in direct examination by counsel for the plaintiff, on the ground that it was leading: "Did you at any time see the children, after you had seen Mr. Michaud go to the house, try to get in?" The ruling was clearly correct. If this interrogatory was inadmissible, as leading, it is difficult to see how any trial could be conducted and the facts of the case elicited. A question is not necessarily leading because it can be answered by "yes" or "no." The presiding Justice who has an unprejudiced view of the entire situation is allowed a wide discretion in this respect. *Blanchard* v. *Hodgkins,* 62 Maine, 119; *State* v. *Benner,* 64 Maine, 267; *Harriman* v. *Sanger,* 67 Maine, 442. The legitimate object of all examination of witnesses is the eliciting of the truth, and the danger which arises from so-called leading questions is not that the truth may thereby be extracted in an untechnical manner, but that the untrue may be stated by a witness who is either indifferent to his oath or overzealous in the cause and eager to adopt any suggestion made by the attorney although not in accordance with the fact. It is not the mere leading but the leading into temptation that is to be deprecated and avoided. This court has well expressed the reason in an early case as follows: "The end proposed in extracting testimony, is to obtain the actual recollections of the witness and not the allegations of another person, adopted by the witness and falsely delivered as his. It is obvious that suggestive interrogation leads to the despatch of business and that sometimes it may be absolutely necessary to recall the attention of

the witness to facts which had passed from his memory. This is objectionable mainly when on the part of the interrogator there is a disposition to afford information for the purpose of eliciting a false answer and a corresponding design on the part of the witness to make use of it for such sinister purpose." *Parsons* v. *Huff*, 38 Maine, 137-141. It is obvious that the question in this case did not fall within the ban.

2. The second exception relates to the admission of the marriage records of the town of Fort Kent, containing the record of the marriage of the plaintiff and his wife on June 27, 1907. The defendant's objection is based upon the fact that the records were produced in court not by the town clerk but by his wife who testified that her husband was in New York and that she was deputy town clerk. This objection cannot be upheld. The important fact is the record itself, which is made evidence by R. S., Chap. 64, Sec. 37. The person who produces it in court is important only as proving that the book produced is the identical record. That identity may be established by witnesses other than the officers of the town. In *Hathaway* v. *Addison*, 48 Maine, 440, which was a suit to recover back taxes alleged to have been illegally assessed, exceptions were taken to the admission of the town records because the book purporting to be such was not identified by the town clerk but its identity was shown by another witness. The exceptions were overruled by the Law Court, the opinion stating: "We know of no rule of law which requires the identification of such a record by any officer of the town. It is sufficient if it be proved by any competent witness who knows the fact." It should be observed that in the case at bar the witness identifying the book was not unofficial but the deputy town clerk according to her own testimony, who in the absence of the clerk was the proper custodian, and it should be further noted that the fact of the marriage was also proved by the testimony of both the husband and wife, and of numerous witnesses who were present at the ceremony which was performed by the Catholic priest in the parish church, all competent and being uncontradicted practically conclusive evidence in this class of cases. *Damon's Case.* 6 Maine, 148; *Jowett* v. *Wallace*, 112 Maine, 389.

3. The plaintiff's wife was a witness for the defendant. In rebuttal one Mrs. Dumond, a witness for the plaintiff, was permitted to testify, against defendant's objection, to a conversation with the

wife about the time of the separation from her husband, viz: "She told me that her husband was asking too much; she says he is asking us too much money; she says we would be willing to give him $2,000. but he wants $5,000." The defendant was not present at the conversation and therefore this testimony could not be regarded in the nature of an admission against him. The only ground on which it could be admitted would be as discrediting the plaintiff's wife, *Gilbert* v. *Woodbury,* 22 Maine, 246, and affecting the weight of her testimony in which she had denied any improper relations with the defendant. Under proper instructions from the court, which we are to assume were given, its force on that point would be a question for the jury to consider.

In any event however, considering all the testimony on the vital issues, this statement, even if technically inadmissible, could not be regarded as so prejudicial to the defendant as to warrant setting aside the verdict. At most, it could be considered as harmless error. This exception also must be overruled.

MOTION.

The emphasis on this branch of the case is laid by the learned counsel for the defendant not on the question of liability but on that of excessive damages.

The verdict was for $7,000. The jury must undoubtedly have found that the allegation of criminal conversation was established. It was for them to say how much the plaintiff should recover for a stolen wife and a broken home. They had the further right to award punitive damages. The evidence justified it. The uncontradicted testimony showed the defendant to be a man worth $150,000. A larger verdict would be required to punish a man of that wealth than in case of a man of moderate means. If he feels its size the punitive element is simply taking effect. We are not prepared to say that in an action of this character and under such facts as are here disclosed, which it is unnecessary to rehearse, this verdict is so extreme as to require the intervention of the court. It may stand.

*Motion and exceptions overruled.*